FILED
United States Court of Appeals
Tenth Circuit

October 1, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID A. SAUNDERS,

Defendant-Appellant.

No. 07-4082

(D. Utah)

(D.C. No. 2:07-CV-27-PGV and
2:03-CR-942-PGC)

---

**ORDER**

---

Before **HENRY**, **TYMKOVICH,** and **HOLMES**, Circuit Judges.

---

David Allen Saunders seeks a certificate of appealability ("COA") to appeal the district court's order denying his "Petition for Writ of Habeas Corpus, Jus Legitium, Jus Quaesitum [28 U.S.C. § 2241]." Rec. doc. 1, at 1. For the reasons set forth below, we deny Mr. Saunders' application and dismiss this matter.

I. BACKGROUND

On May 26, 2004, Mr. Saunders pleaded guilty to receipt of child pornography and possession of child pornography, in violation of 18 U.S.C. § 2252A. On November 29, 2004, the district court sentenced Mr. Saunders to 60

months' imprisonment, followed by sixty months' supervised release. The court entered the judgment of conviction on December 1, 2004.

Mr. Saunders did not file a direct appeal of his conviction or sentence. However, on January 16, 2007, he filed a "Petition for Writ of Habeas Corpus, Jus Legitium, Jus Quaesitum [28 U.S.C. § 2241]," in which he alleged that the district court lacked jurisdiction to enter the judgment of conviction. The district court characterized Mr. Saunders' petition as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and denied the motion as untimely, reasoning that, under 28 U.S.C. § 2255(1), Mr. Saunders had one year to file the motion after his sentence became final. Mr. Saunders' conviction "became final ten days after the time for appeal had run, excluding intermediate Saturdays, Sundays, or legal holidays." United States v. Guerrero, 488 F.3d 1313, 1316 n.2 (10th Cir. 2007); see also FED. R. APP. P. 4(b)(1)(A)(i) (stating that a notice of appeal must be filed within ten days after the entry of judgment); 4(b)(6) (stating that a judgment is entered when it is entered on the criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days). However, Mr. Saunders did not file the motion until more than two years later.

## II. DISCUSSION

In order to obtain a COA, Mr. Saunders must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Saunders

may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. at 338.

In determining whether Mr. Saunders is entitled to a COA, we must first consider the district court's decision to recharacterize Mr. Saunders' motion as one filed pursuant to 28 U.S.C. § 2255. We agree with the district court that Mr. Saunders's "Petition for Writ of Habeas Corpus, Jus Legitium, Jus Quaesitum [28 U.S.C. § 2241]," is properly characterized as a 28 U.S.C. § 2255 motion: Mr. Saunders' petition challenged the imposition of his conviction and sentence, not the manner in which his sentence was executed. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (stating that "[a] petition [filed] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined" while "[a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence") (internal citations omitted).

Nevertheless, the Supreme Court has held that "a district court may not recharacterize a *pro se* litigant's motion as a request for relief under § 2255-unless the court first warns the *pro se* litigant about the consequences of the recharacterization [i.e., that subsequent § 2255 motions will be subject to the restrictions on second or successive § 2255 motions], thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." Castro v. United States, 540 U.S. 375, 382 (2003); see also United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000) (applying the same rule). Nevertheless, a failure to so notify the pro se litigant may be harmless. See United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004) (concluding that "[s]ince any § 2255 motion filed by Appellant in the instant case would be time barred, the district court's failure to notify Appellant of the recharacterization was harmless").

Here, there is no indication that the district court notified Mr. Saunders of the consequences of recharacterizing his motion. Nevertheless, we conclude that the failure to notify Mr. Saunders was harmless. Mr. Saunders' motion was untimely and equitable tolling of the limitations period is not warranted.

In his supplemental brief, Mr. Saunders argues that the one-year statute of limitations is inapplicable because his motion was filed pursuant to 28 U. S.C. § 2241 rather than § 2255. In the alternative, he contends that the limitations

-4-

period violates his First Amendment right to petition the government for a redress of grievances.

Neither argument is persuasive. As noted above, we agree with the district court that Mr. Saunders' motion is properly characterized as filed under § 2255. The one-year limitations period established by 28 U.S.C. § 2255(1) is therefore applicable. As to Mr. Saunders' constitutional argument, we note that although the First Amendment provides a right of access to the courts, see Lewis v. Casey, 518 U.S. 343 (1996), the mere fact that a claim may only be asserted within a limited period of time does not violate that right. Cf. Fisher v. Gibson 262 F.3d 1135 (10th Cir. 2001) (holding that, absent proof that it renders the habeas remedy "inadequate or ineffective," the one-year limitation does not violate the Suspension Clause). Moreover, as the district court concluded, Mr. Saunders has not demonstrated that circumstances beyond his control prevented him from filing a § 2255 motion within the one-year period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

## III. CONCLUSION

Accordingly, we DENY Mr. Saunders' application for a COA and DISMISS this matter.

Entered for the Court,

Elisabeth A. Shumaker
Clerk of Court