**UNITED STATES COURT OF APPEALS**

**October 2, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID A. SAUNDERS,

    Defendant-Appellant.

No. 08-4116

(D.C. No. 2:08-CV-00448-DAK)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.


David Saunders, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Saunders has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

On May 26, 2004, Saunders pled guilty to receipt and possession of child pornography, in violation of 18 U.S.C. § 2252A. On November 29, 2004, the

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

district court conducted a sentencing hearing for Saunders. After calculating a total offense level of 25, a criminal history category of I, and a resulting guideline range of 57 to 71 months, the district court imposed a 60-month sentence, to be followed by a 60-month term of supervised release. Saunders did not file a direct appeal.

In 2007, Saunders began filing a series of post-conviction motions. The first of those motions, which alleged the district court lacked jurisdiction to enter the judgment of conviction, was construed by the district court as a 28 U.S.C. § 2255 motion and dismissed as untimely. We denied Saunders application for a COA to appeal the district court's order. United States v. Saunders, 248 Fed. App'x 967, 968 (10th Cir. 2007) (unpublished). Saunders then filed a 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prisons' failure to credit his pretrial release time toward his sentence. The district court denied Saunders' petition on the merits and we affirmed in an unpublished order and judgment. Saunders v. United States, 260 Fed. App'x 73 (10th Cir. 2008). Next Saunders filed a motion in his original criminal case entitled "Motion for Modification of an Imposed Term of Imprisonment 18 U.S.C. § 3582(c)(2)." In that motion, Saunders again complained that his pretrial release time had not been credited toward his sentence. The district court denied the motion, and Saunders did not appeal that decision.

Saunders' latest challenge, filed on June 6, 2008, was a "Motion to Reverse

and Otherwise, Set Aside Illegal Portion of Sentence." In that motion, Saunders argued that his 11-month period of pretrial release, combined with his 60-month term of imprisonment, effectively placed him at the top of the 57 to 71-month guideline range calculated by the district court, and thereby rendered the 60-month term of supervised release imposed by the district court unconstitutional under United States v. Booker, 543 U.S. 220 (2005). The district court concluded that Saunders' motion, "while not styled as such, [wa]s a successive motion under 28 U.S.C. § 2255," and could not be filed without express authorization from this court. ROA, Vol. 1, Order at 2. The district court ultimately denied the motion, rather than transferring it to this court, because it concluded the motion "[wa]s not only time-barred, but the court ha[d] twice decided th[e] very issue pertaining to [Saunders'] pre-trial . . . release, and the Tenth Circuit ha[d] affirmed the decision." Id. at 3.

Saunders has now filed an application for COA with this court.

## II.

The issuance of a COA is a jurisdictional prerequisite to Saunders' appeal from the denial of his § 2255 motion.[1] Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial

---

[1] Although Saunders contends the district court erred in recharacterizing his latest motion as a § 2255 motion, we agree with the district court's recharacterization. Further, to the extent the district court failed to notify Saunders about the recharacterization and its potential consequences, we conclude such failure was harmless.

showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

After reviewing Saunders' application for COA and the record on appeal, we conclude Saunders has failed to establish his entitlement to a COA. To begin with, Saunders' motion, which was filed approximately three and a half years after his conviction and sentence became final, was clearly untimely. See 28 U.S.C. § 2255(f) (outlining one-year limitations period for filing § 2255 motions). Even if we were to ignore this fatal procedural problem, Saunders, whose conviction and sentence became final before Booker was issued, cannot rely on Booker because we have consistently held that Booker did not announce a new, retroactive rule of constitutional law. E.g., Bey v. United States, 399 F.3d 1266,

4

1268-69 (10th Cir. 2005).

The application for COA is DENIED and the matter is DISMISSED.

Saunders' motion for leave to proceed in forma pauperis on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge