**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff — Appellee,

v.

LEONEL GUERRERO,

       Defendant — Appellant.

No. 05-3299

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 03-CR-10038-02-WEB and 04-CV-3368-WEB)**

Submitted on the briefs:[*]

Leonel Guerrero, Pro Se, for Defendant — Appellant.

Brent I. Anderson, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with him on the brief), Wichita, Kansas, for Plaintiff — Appellee.

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

[*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

**LUCERO**, Circuit Judge.

Leonel Guerrero, proceeding pro se, appeals the district court's dismissal of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Guerrero filed an unverified memorandum in support of his verified § 2255 motion. In the memorandum, he asserted a claim not included in the motion: that his counsel was ineffective for failing to file an appeal at his request. Exercising jurisdiction under 28 U.S.C. § 1291, we **VACATE** the district court's judgment and **REMAND** to the district court. Upon remand, the court should give Guerrero an opportunity to file an amended § 2255 motion and/or a memorandum signed under penalty of perjury.

Guerrero pled guilty to two counts of interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3), and the district court sentenced him to 120 months' imprisonment. Under his plea agreement, he waived his right to appeal or collaterally attack any matter connected to his prosecution, conviction, or sentence, so long as the sentence did not depart upward from the Sentencing Guidelines range as determined by the district court. Guerrero did not appeal.

He did, however, file a timely § 2255 motion, signed under penalty of perjury, asserting that: (1) His guilty plea and waiver of appellate rights were neither knowing nor voluntary; (2) His counsel was ineffective by inducing him

into pleading guilty, by failing to explain the nature of the charges against him, and by failing to explain how the Sentencing Guidelines operate and apply to his case; and (3) His sentence must be vacated in light of United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). In an unverified memorandum in support of the motion, Guerrero asserted an additional claim that his counsel was ineffective for failing to file an appeal at his request. The district court dismissed the § 2255 motion primarily on the ground that Guerrero waived his right to collaterally attack his conviction and sentence. However, the court did reach the merits of the claim for ineffective assistance of counsel for failing to file an appeal. It rejected the claim, stating that:

> [Guerrero] does not provide any details regarding the issues he asked counsel to appeal. This is problematic for [his] claim as the manner to determine ineffective assistance of counsel for failing to raise an issue on appeal is to examine the merits of the omitted issue. If the omitted issue is meritless, counsel's failure to appeal is not a constitutional violation. Because he has not stated what issues his counsel failed to appeal, the Court is unable to determine the merits. [Guerrero's] claim fails because he has not provided facts to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

In addition to dismissing his § 2255 motion, the district court also denied Guerrero's request for a certificate of appealability ("COA").

On Guerrero's renewed request to this court, we granted a COA on his claims. We did so based on the holdings in Roe v. Flores-Ortega, 528 U.S. 470

(2000), United States v. Snitz, 342 F.3d 1154 (10th Cir. 2003), and United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005).  In Flores-Ortega, the Court applied the established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  528 U.S. at 477.  It held that a defendant who requests that counsel file an appeal is entitled to a new appeal and is not required to show that the appeal would likely succeed.  Id. at 484, 486.  Following Flores-Ortega, this court held in Snitz that a defendant is entitled to an appeal if he told his counsel that he wanted to appeal, even if counsel argued that the appeal was without merit.  342 F.3d at 1155-59.  In Garrett, this court applied Flores-Ortega and Snitz to a case in which the district court dismissed a § 2255 motion asserting ineffective assistance of counsel for failure to file an appeal, on the ground that the defendant had waived his right to appeal or collaterally attack his sentence in his plea agreement.  Garrett, 402 F.3d at 1265-66.  This court recognized that the defendant's "appellate rights have been significantly limited by his waiver, but [that] the waiver does not foreclose all appellate review of his [conviction and] sentence."  Id. at 1266-67.  We held that if the defendant "actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal."  Id. at 1267.  This is true "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit."  Id. (citations omitted).

The government concedes that this legal authority requires remand for an evidentiary hearing when a defendant claims in a sworn § 2255 motion that he directed counsel to file a notice of appeal and counsel failed to do so. It argues that this court should affirm the district court's dismissal of the § 2255 motion because Guerrero did not raise this ineffective-assistance claim in his motion. Instead, he raised the issue only in the unsworn memorandum, filed in support of the motion. See United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995) (holding that § 2255 relief cannot be predicated on an unsworn memorandum), rev'd on other grounds, 520 U.S. 751 (1997).

Rules 2(b)(1), (2), and (5) of the Rules Governing § 2255 Proceedings for the U. S. District Courts ("§ 2255 Rules") require that a § 2255 motion "specify all the grounds for relief," "state the facts supporting each ground," and "be signed under penalty of perjury." We agree with the government that Guerrero's § 2255 motion, which was signed under penalty of perjury, did not include an ineffective-assistance claim alleging that counsel failed to file a notice of appeal as Guerrero had requested. Instead, he raised that claim only in his unverified memorandum in support of his § 2255 motion. Thus, the Rule 2(b) requirements were not met.[1]

---

[1] Although the memorandum in support of the § 2255 motion was not executed under "penalty of perjury," his certificate of service for that memorandum was properly signed. It appears that the failure to properly execute the memorandum may have been an inadvertent oversight.

We review Guerrero's pro se pleadings under a liberal standard. Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir. 1994). If a district court can "reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (quotation and alteration omitted). We may construe a pro se motion so that it conforms to the appropriate procedural rule. See United States v. Rourke, 984 F.2d 1063, 1067 (10th Cir. 1992) (construing an improper Fed. R. Crim. P. 35(a) motion as a § 2255 motion). However, a court "may not rewrite a petition to include claims that were never presented." Barnett, 174 F.3d at 1133 (quotation omitted). Construing Guerrero's pro se submission liberally, we interpret his contemporaneously-filed memorandum as an amended § 2255 motion. Yet this relaxed standard neither requires the trial court, nor the appellate court, to dig through the record, like a hound to a truffle, in search of a claim. On the other hand, it is both reasonable and appropriate for both courts to fully consider contemporaneous memoranda in support of motions in order to fully interpret a movant's claim. Today's holding is limited to the latter.

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course prior to response by the opposing party. Guerrero filed his memorandum before the government responded, so it is timely with respect to Fed. R. Civ. P. 15(a). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a § 2255 motion must be made within one year from the date

Guerrero's conviction became final. 28 U.S.C. § 2255 para. 6. When a § 2255 movant seeks to amend his pleading to include a new claim, we will only entertain this claim if the amendment is made within the one-year time limit set by AEDPA. See United States v. Espinoza-Saenz, 235 F.3d 501, 504-05 (10th Cir. 2000) (holding that a § 2255 movant cannot assert new claims in a motion to amend a § 2255 motion filed after AEDPA's time limit has expired). Guerrero's conviction became final on October 16, 2003.[2] Guerrero submitted his original § 2255 motion on October 9, 2004 and the memorandum on October 14, 2004. Because the memorandum was submitted less than one year after his conviction became final, the amended claim is timely under AEDPA.

However, because the amended claim was included in an unverified memorandum, it nonetheless fails to comply with the procedural requirements of § 2255 Rule 2(b). Pursuant to the Advisory Committee Notes to Rule 2, however, Guerrero should have an opportunity to conform his motion to Rule 2(b)'s procedural requirements. See § 2255 Rules, Advisory Committee Notes, 2004 amendments (noting that court should allow movants to submit corrected motions

---

[2] Final judgment was entered against Guerrero on October 1, 2003. The conviction became final ten days after the time for appeal had run, excluding intermediate Saturdays, Sundays, or legal holidays. See Clay v. United States, 537 U.S. 522, 525 (2003) ("conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); Fed. R. App. P. 4(b)(1)(A)(I) (notice of appeal must be filed within ten days after the entry of judgment); 4(b)(6) (judgment is entered when it is entered on the criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days).

conforming to Rule 2(b)); <u>see also</u> <u>Kafo v. United States</u>, 467 F.3d 1063, 1069-71 (7th Cir. 2006) (allowing movant opportunity to conform to Rule 2 requirements).[3]

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case with instructions directing the court to give Guerrero the opportunity to file an amended § 2255 motion including the claim for ineffective assistance of counsel for failure to file an appeal. If he makes the proper filing, we direct the district court to conduct further proceedings consistent with <u>Flores-Ortega</u>, <u>Snitz</u>, and <u>Garrett</u>. We **DENY** as moot Guerrero's motion for appointment of counsel to represent him on this appeal.

---

[3] Remand to allow conformity to Rule 2(b) is particularly appropriate in light of the strenuous requirements for filing a second or successive § 2255 motion. <u>See</u> 28 U.S.C. § 2255 para. 8; 28 U.S.C. § 2244(b).