**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES EDWARD CLAYTON,

        Petitioner-Appellant,

    v.

RON WARD, Warden,

        Respondent-Appellee.

No. 08-7038

Eastern District of Oklahoma

(D.C. No. 6:06-CV-00014-FHS-KEW)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

James Clayton, a state prisoner proceeding pro se, appeals the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Mr. Clayton asserted that his guilty plea was involuntary and that he received

ineffective assistance of counsel. In particular, he alleged counsel failed to file

an appeal despite his alleged repeated instructions to do so. We granted a

certificate of appealability (COA) as to one issue: whether Mr. Clayton received

ineffective assistance of counsel due to counsel's alleged failure to perfect an

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

appeal. *Clayton v. Ward*, No. 08-7088 (10th Cir. Mar. 17, 2009) (Order Granting COA). Our precedent now compels us to remand for an evidentiary hearing on Mr. Clayton's claims.

## Background

In our order granting COA, we set out the factual history leading to Mr. Clayton's appeal. In 1983, Mr. Clayton pled guilty to second degree murder and other criminal charges stemming from a robbery. After exhausting his state post-conviction relief, Mr. Clayton sought, and was denied, habeas relief in the district court. On November 11, 1999, this court granted Mr. Clayton a COA and his case was remanded to the district court for further proceedings. *Clayton v. State of Oklahoma,* 198 F.3d 257 (10th Cir. 1999). Upon remand, Mr. Clayton was allowed to withdraw his plea.

In September 2004, Mr. Clayton entered a blind guilty plea to the second degree murder charge and received a life sentence. Mr. Clayton alleges that his counsel advised him of a "deal" where he would receive credit for time served and be paroled by December 2004 in exchange for the blind plea. This deal, however, was not mentioned at the plea or sentencing proceedings. At the end of the proceedings, the Oklahoma state court informed Mr. Clayton that he had ten days to file an appeal or withdraw his plea. In addition, the court requested that Mr. Clayton's state appointed counsel "stay on as [Mr. Clayton's] attorney for a period of ten days" and "stay on through any appeal time that might run." Mr.

-2-

Clayton has consistently alleged that he placed phone calls and sent letters to his counsel during this time period, instructing him to file an appeal. *See, e.g.*, Application for Judicial Review Pursuant to 22.OS § 982 at 2; Application to Appeal Post-Conviction Relief in the Oklahoma Court of Criminal Appeals at 2; Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254 at 2. Among the evidence he has presented in support of his plea is a letter, allegedly written on September 21, 2004, within the ten day period during which he was entitled to appeal, instructing his attorney to appeal. *See* R. 228–35.

In August 2005, Mr. Clayton filed an application for post-conviction relief with the state district court, including his allegations of ineffective assistance of counsel. The court analyzed Mr. Clayton's claims on the merits and denied relief. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed, on the ground that Mr. Clayton's claim for post-conviction relief was procedurally barred. Both the state district court and the OCCA noted that Mr. Clayton knew of his right to appeal and presented no basis or valid grounds to appeal or withdraw his plea. Mr. Clayton then filed a habeas petition in the federal district court. On June 11, 2007, the district court denied Mr. Clayton's habeas petition, saying he failed to show cause for his failure to perfect an appeal. The district court echoed the state court decisions, finding that Mr. Clayton knew of his right to appeal. Mr. Clayton then filed a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). On March 26, 2008, the district court granted the motion and vacated its June 11,

2007 order. The district court then denied Mr. Clayton's habeas petition as procedurally barred. We granted Mr. Clayton a COA on the issue of whether counsel's alleged failure to enter an appeal on behalf of Mr. Clayton constituted ineffective assistance of counsel.

## Discussion

The Supreme Court has held that counsel's failure to file an appeal when the client has requested he do so constitutes deficient and prejudicial performance under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Court stated that when an attorney "disregards specific instructions from the defendant to file a notice of appeal [he] acts in a manner that is professionally unreasonable." *Roe*, 528 U.S. at 477. In addition, when counsel ignores a specific instruction to file an appeal, there is a presumption that the defendant was prejudiced. *Id.* at 483 (stating that a specific showing of prejudice is not required when defendant is denied assistance of counsel in perfecting an appeal).

The district court concluded that Mr. Clayton "failed to show he was prejudiced by counsel's alleged failures," because of the dubious merits of his underlying constitutional claim challenging the voluntariness of his plea. Dist. Ct. 10. But this is an insufficient basis on which to reject Mr. Clayton's ineffective assistance claim. When counsel fails to follow explicit instructions to

file an appeal, a defendant is entitled to a new appeal, regardless of whether an appeal had or would likely have had any merit. *See Peguero v. United States*, 526 U.S. 23, 28 (1999) (discussing the holding in *Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969)); *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005).

We appreciate the state's obvious frustration with the seeming perpetuity of proceedings in this case. Mr. Clayton was convicted more than 25 years ago after entering a guilty plea. A quarter-century later, after a second guilty plea, he continues to appeal his conviction. Nevertheless, our precedent "requires remand for an evidentiary hearing when a defendant claims in a sworn [habeas] motion that he directed counsel to file a notice of appeal and counsel failed to do so." *United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007).

The state resists this result on a variety of grounds. First, it argues that we should defer to the factual finding of the Oklahoma state courts that "if the Petitioner's intention was to file a notice of appeal, he would have done so on his own." Aple. Br. 3. The District Court of Muskogee County, Oklahoma found that Mr. Clayton was an "adept" pro se litigant, "was writing to the Court during this critical stage, and was aware of his deadlines," suggesting that he could have appealed on his own if that was his intent. R. 56–57. The state apparently contends, therefore, that even if counsel declines to follow a litigant's instruction

to enter an appeal, this does not constitute ineffective assistance so long as the litigant is sufficiently sophisticated so as to be capable of filing an appeal on his own. This does not, however, constitute a sufficient factual basis upon which to deny a litigant's claim of ineffective assistance of counsel, when it is contended that his lawyer disregarded specific instructions to perfect a criminal appeal. *See United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003). A litigant's entitlement to effective assistance of counsel does not turn on his intelligence, capability, or legal sophistication. *Cf. Powell v. Alabama*, 287 U.S. 45, 69 (1932). That a particular litigant demonstrates knowledge of the judicial process does not lessen his entitlement under the Sixth Amendment to "the *Assistance* of Counsel for his defense." U.S. Const. amend VI (emphasis added). Therefore, the failure of a criminal defendant's attorney to execute his client's express instruction to enter an appeal cannot be excused on the theory that the defendant could have appealed without assistance if he was so inclined.

Next, the state challenges the validity of Mr. Clayton's assertion that he instructed or attempted to instruct his attorney to file an appeal during the ten day window following his sentencing proceedings. It first contends that "neither the 19 page-long Application . . . nor the 20 page-long Memorandum" that Mr. Clayton submitted in support of his initial state motion for post-conviction relief "makes a single mention of a September 21, 2004 letter to counsel." Aple. Br. 6. On the contrary, Mr. Clayton's memorandum in support of post-conviction relief

expressly alleged that "Mr. Clayton wrote Attorney Hoch [his counsel] requesting he appeal" and asked for "an evidentiary hearing, if need be, to resolve issues of fact in dispute and to develop a record so the federal court is not required to do so." R. 113, 127. Moreover, he alleged in his application for post-conviction relief that he could prove the facts he had alleged not only through testimony, but also "jail records mail log for legal mail" and his "letters to Attorney Hoch." R. 107. We hardly think that Mr. Clayton's failure to mention the date of his alleged letter to his attorney is fatal to his claim.

The state also suggests that other communications between Mr. Clayton and the state district court during the same time period cast doubt on the authenticity of the September 21, 2004 letter and on Mr. Clayton's intention to appeal. Aple. Br. 5. In particular, the state points to a letter from Mr. Clayton to the court following his sentence, in which he stated:

> Judge Norman, needless to say I would feel better had you given me a sentence I can/could discharge. However, I accept what I have been given. I am thankful and wish you to know that I will do my upmost to secure my release via parole and to show everyone that I am a person of value to the community.

*See* Aple. Br. 5. The state argues that Mr. Clayton would have never sent such a letter if he were actively attempting to appeal. Indeed, it may well be that the state has many convincing arguments for why Mr. Clayton's

claims are incredible.[1]  But these are factual contentions better addressed in the first instance to the district court.  *See Garrett*, 402 F.3d at 1266–67. After reviewing the evidence, the district court will be best positioned to make factual findings with regard to Mr. Clayton's claim that he instructed his attorney to appeal following his guilty plea in Oklahoma state court.

## Conclusion

For the foregoing reasons, we **VACATE** the judgment of the district court, and **REMAND** this case for a hearing to determine whether Mr. Clayton requested counsel to file an appeal.  The government is free to supplement the record with Mr. Hoch's affidavit and/or other evidence on remand.  We need not reach the merits of Mr. Clayton's underlying constitutional claim regarding the voluntariness of his plea.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[1]On appeal, the state attempts to introduce an affidavit from Mr. Clayton's counsel, denying that Mr. Clayton ever instructed him to appeal.  *See* Aple. Br., Ex. A.  As the state acknowledges, however, this letter is not part of the record. "Matters not appearing in the record will not be considered by the court of appeals." *Nulf v. Int'l Paper Co.*, 656 F.2d 553, 559 (10th Cir. 1981); *see also John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994) (noting we ordinarily do not consider evidence offered for the first time on appeal).