**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

JOSE L. FALCON-SANCHEZ,

　　Defendant-Appellant.

No. 10-3198
(D.C. Nos. 2:07-CR-20077-KHV-1 and
2:10-CV-02076-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

　　Jose Falcon-Sanchez, a federal prisoner proceeding in forma pauperis, filed a pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of trial counsel. The district court denied the motion, holding that Falcon-Sanchez waived the right to bring such a collateral attack in his plea agreement.

---

　　[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation or orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

But the district court issued a certificate of appealability. Because we conclude that this collateral attack is barred under the waiver Falcon-Sanchez executed as part of his plea agreement in this case, we DISMISS this appeal.

## I. Background

On October 21, 2008, Falcon-Sanchez pled guilty to conspiring to possess methamphetamine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Falcon-Sanchez entered that guilty plea pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which binds the district court to the terms of the plea agreement once the court accepts that agreement. Falcon-Sanchez's plea agreement proposed a sentence of 168 months' imprisonment followed by ten years of supervised release.

The plea agreement also contained a waiver of Falcon-Sanchez's right to pursue a collateral attack of his conviction and sentence:

> [T]he defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). . . . The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] . . . .

(R. at 28–29.) The district court accepted this plea agreement and therefore sentenced Falcon-Sanchez on January 28, 2009, to 168 months' imprisonment followed by ten years of supervised release.

2

While Falcon-Sanchez did not appeal, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on February 4, 2010. In that motion, he alleged that his trial counsel was ineffective for three reasons: (1) He did not prevail in his objection to a firearm sentencing enhancement; (2) He did not object to the quantity of drugs; and (3) He did not file an appeal despite Falcon-Sanchez's specific instruction to do so. Falcon-Sanchez later sought to amend his motion to add claims that his counsel was ineffective for two additional reasons: (1) He was not licensed to practice law in the state of Kansas; and (2) He agreed to a ten-year term of supervised release in the plea agreement. The district court concluded that Falcon-Sanchez's § 2255 motion was timely filed but his proposed amendments were not. Therefore, the court denied Falcon-Sanchez leave to amend his original motion because the new claims were not raised in the original motion, were filed after the deadline for presenting them, and were futile because they were procedurally barred and lacked substantive merit. Finally, the district court determined that Falcon-Sanchez knowingly and voluntarily waived his right to file a § 2255 motion, and, therefore, it denied his motion. The district court later granted Falcon-Sanchez's application for a certificate of appealability to this Court.

## II. Discussion

A plea agreement waiver of post-conviction rights is "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). Exceptions to the general rule include "where the

agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." Id. at 1182. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id. at 1187 (emphasis added).

Falcon-Sanchez argues to this Court that his trial counsel was ineffective because he failed to file a notice of appeal and because he agreed to a ten-year term of supervised release in the plea agreement. But those claims fall within the scope of the plea agreement's waiver provision and do not relate to the validity of the plea or the waiver. Therefore, Falcon-Sanchez's claims are barred. Id.; see also United States v. Shaw, 292 F. App'x 728, 733–34 (10th Cir. 2008) (unpublished); United States v. Macias, 229 F. App'x 683, 687 (10th Cir. 2007) (unpublished); United States v. Davis, 218 F. App'x 782, 784 (10th Cir. 2007) (unpublished) (all concluding that the defendants' § 2255 motions, which argued ineffective assistance of counsel based on trial counsel's failure to file an appeal, were barred by waivers of collateral attack in plea agreements).[1]

The district court issued a certificate of appealability in this case because it "recognize[d] some uncertainty on the issue in light of the Tenth Circuit decision in

---

[1] This Court recognizes that unpublished decisions are not binding precedent but cites these cases only for their persuasive value. See 10th Cir. R. 32.1(A).

4

United States v. Guerrero, 488 F.3d 1313 (10th Cir. 2007)." (R. at 108–09.) But that case is inapposite to Falcon-Sanchez's appeal. In Guerrero, a defendant waived his rights to appeal or collaterally attack his sentence. 488 F.3d at 1314. Then, similar to Falcon-Sanchez, the defendant filed a § 2255 motion asserting ineffective assistance of counsel for failure to file an appeal at the defendant's direction. Id. at 1315. This Court explained,

> This court [previously] recognized that the defendant's appellate rights have been significantly limited by his waiver, but that the waiver does not foreclose all appellate review of his conviction and sentence. We held that if the defendant actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal. This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit.

Id. (internal quotation marks, citations, and alterations omitted). In Guerrero, the Court did not explain how the defendant's waiver permitted a § 2255 motion that did not challenge the validity of the plea or waiver as this Court requires. It seems that the Court failed to give such an explanation because the government in Guerrero not only failed to raise the waiver issue but conceded that the defendant's waiver did not apply. See id. ("The government concedes that [United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005)] requires remand for an evidentiary hearing when a defendant claims in a sworn § 2255 motion that he directed counsel to file a notice of appeal and counsel failed to do so."). In the case on which that concession relied, the government also failed to raise the waiver issue.

5

In <u>United States v. Garrett</u>, the defendant's plea agreement contained a waiver of appeal. 402 F.3d 1262, 1263 (10th Cir. 2005). In his § 2255 motion, the defendant argued, just as Falcon-Sanchez does here, that his counsel was ineffective for failing to file an appeal despite being requested to do so. <u>Id.</u> at 1264. The district court dismissed the claim without an evidentiary hearing, concluding the attorney could not be faulted for failing to file an appeal when the defendant expressly waived his appellate rights. <u>Id.</u> We concluded the district court should have conducted a hearing to determine whether the defendant requested that his counsel file an appeal. <u>Id.</u> at 1266–67. In a footnote, we noted that the defendant's plea agreement also contained a waiver of his right to collaterally challenge his guilty plea or sentence. <u>Id.</u> at 1266 n.5. We did not, however, enforce that waiver because (1) the government did not argue that the waiver barred the defendant's § 2255 motion and (2) the plain language of the waiver did not address the claim. <u>Id.</u>

In this case, the government raised the waiver issue. We are satisfied the plea agreement permissibly waived Falcon-Sanchez's ineffective assistance of counsel claim. And Falcon-Sanchez does not challenge the validity of his plea or the waiver. Therefore, the waiver is effective. Accordingly, we DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

6