FILED
United States Court of Appeals
Tenth Circuit

June 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ROBERT F. ROBERTS,

        Defendant - Appellant.

No. 12-3096
(D.C. Nos. 6:11-CV-01300-MLB and
6:08-CR-10188-MLB-1)
(D. Kansas)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

Petitioner, Robert F. Roberts, seeks a certificate of appealability ("COA")

so he can appeal the district court's denial of the motion to vacate, set aside, or

correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255

motion unless he first obtains a COA). In 2009, Roberts was convicted of being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The

judgment of conviction was affirmed by this court on March 29, 2011. *United

States v. Roberts*, 417 F. App'x 812 (10th Cir. 2001). Roberts filed the instant

§ 2255 motion on September 30, 2011, raising four claims of ineffective assistance of trial counsel.  The district court denied relief on all four claims.

Roberts cannot appeal the denial of his motion until he first obtains a COA from this court.  *See* 28 U.S.C. § 2253(c)(1)(B).  To be entitled to a COA, Roberts must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Roberts has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Roberts need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.* (quotations omitted).

In his COA application and appellate brief, Roberts challenges the district court's disposition of his four claims and also argues the court abused its discretion by refusing to permit him to amend his § 2255 motion.  His first two claims relate to allegations his trial counsel failed to investigate whether he was legally permitted to carry a firearm in Kansas despite a 1999 Kansas felony conviction.  *See* 18 U.S.C. § 921(a)(20) (providing a prior conviction does not

trigger the federal prohibition on possession of a firearm if the defendant "has had [his] civil rights restored."); *see also See United States v. Baker*, 508 F.3d 1321, 1328 (10th Cir. 2007) (looking to the "whole of state law" to determine whether a defendant's firearms privileges are restricted). It is clear these two claims were properly dismissed by the district court. In 1999, Roberts was convicted of a robbery, possession of cocaine with intent to sell, and criminal possession of a firearm. He was sentenced to forty-four months' incarceration. His probation was revoked in 2000 and he was paroled in 2006. His sentence expired on June 26, 2008. The instant felon-in-possession offense occurred on April 6, 2008. Kansas criminalizes the possession of a firearm "by a person who, within the preceding ten years . . . has been released from imprisonment for" specifically enumerated felonies, including robbery. Kan. Stat. Ann. § 21-4204(a)(4) (2007).[1] Because Roberts has wholly failed to show that his right to possess a firearm was restored under Kansas law, he cannot show he was prejudiced by his attorney's performance. *See Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one"). Although Roberts repeatedly argues it was the Government's burden to prove the elements of the offense at trial, we note it is now Roberts's

---

[1]After Roberts committed the offense of conviction, the Kansas legislature moved the relevant statute from Kan. Stat. Ann. § 21-4204 to Kan. Stat. Ann. 21-6304.

burden to prove his counsel was constitutionally ineffective. He cannot meet that burden with his unsupported and conclusory assertions.

Roberts has also failed to meet his burden of showing his counsel was ineffective for failing to object or move for a mistrial when the trial court denied the jury's request for a read-back of testimony. He has again failed to show any prejudice flowing from counsel's allegedly deficient performance. Finally, Roberts argues his counsel failed to properly familiarize himself with a photograph before inviting testimony about it. This court has already concluded the admission of the photograph was not error. *Roberts*, 417 F. App'x at 821-22. Further, counsel relied on the photograph to support the position Roberts did not possess a gun the night of his arrest. *Id*. at 822 (quoting from counsel's closing argument). Not only were counsel's actions objectively reasonable, Roberts has failed to show the jury's verdict would be different if the photograph had not been admitted. *See United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) ("In order to obtain habeas relief for ineffective assistance of counsel, a petition must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." (quotation omitted)).

We also deny relief on Roberts's assertion the district court abused its discretion by refusing to permit him to supplement or amend his § 2255 motion. Roberts sought to add four claims alleging his appellate counsel was ineffective for failing to develop record support for the four arguments raised in his original

§ 2255 motion. "Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course prior to response by the opposing party." *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). The district court refused to permit Roberts to amend his § 2255 motion because the proposed amendments were not signed under penalty of perjury and because he sought to raise new claims. *See id*. at 1315. This court, however, has previously held that a district court must give a § 2255 movant the opportunity to amend his motion to conform to procedural requirements even if he seeks to add a new claim. *See id*. at 1316-17 & 1317 n.3 (holding a § 2255 movant seeking to add a timely claim should be given "an opportunity to conform his motion to Rule 2(b)'s procedural requirements"). We conclude, therefore, the district court abused its discretion by refusing to permit Roberts to amend his motion to add the four ineffective-assistance-of-appellate-counsel claims. We further conclude, however, that Roberts is not entitled to a COA on this issue because he has not made "a substantial showing of the denial of a constitutional right" with respect to these four new claims. 28 U.S.C. § 2253(c)(2). We have already concluded his four claims of ineffective assistance of trial counsel are meritless. Additionally, in his application for COA and appellate brief, Roberts has wholly failed to identify the information appellate counsel allegedly failed to garner and how that information would entitle him to relief on his claims that trial counsel was ineffective.

Having undertaken a review of Roberts's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Roberts is not entitled to a COA. The district court's resolution of his § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Roberts's request for a COA and **dismisses** this appeal. Roberts's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge