**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER L. RIVERS,

Defendant-Appellant.

No. 11-3100
(D.C. Nos. 2:10-CV-02343-KHV &
2:08-CR-20006-KHV-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Pursuant to a plea agreement Christopher L. Rivers pled guilty to one count of possessing with intent to distribute five or more grams of crack cocaine, resulting in an agreed sentence of 120 months' imprisonment. In spite of receiving the sentence he bargained for and having waived his right to appeal or seek collateral relief, he filed a 28 U.S.C. § 2255 motion attacking the sentence:

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

specifically he claims ineffective assistance of counsel. The district court denied the motion, but issued a certificate of appealability (COA) on one of his claims—defense counsel's alleged failure to appeal despite being asked to do so.

Here the government again moved to enforce the appeal waiver contained in Rivers's plea agreement. We affirm the district court's enforcement of the collateral attack waiver and deny a COA on all other claims.

## BACKGROUND

In 2008, Rivers was indicted for possessing five or more grams of crack cocaine with intent to distribute. Because of a prior drug conviction, he faced a mandatory minimum ten-year sentence. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

He moved to suppress the cocaine, which had been discovered by officers after he was arrested and taken to jail subsequent to a traffic stop. Following a hearing a magistrate judge recommended denial of the motion. Rivers objected to the recommendation, but three days later entered into a binding plea agreement[1] proposing a 120-month prison sentence.

The agreement broadly waived appeals and collateral attacks:

> If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence . . . . except as limited by *United States v. Cockerham*,

---

[1] The court was free to reject the plea agreement, but once the agreement (and accompanying plea) were accepted the district court was required to impose the sentence it contained. Fed. R. Crim. P. 11(c)(1)(C)

> 237 F.3d 1179, 1187 (10th Cir. 2001) [holding that a valid waiver of collateral challenges in the plea agreement waives the right to bring a § 2255 motion except for ineffective assistance claims challenging the validity of the plea or the waiver].

R., Vol. 1 at 26-27 (brackets omitted). The agreement also waived Rivers's right to bring 18 U.S.C. § 3582(c)(2) sentence-reduction motions.[2]

At the change of plea hearing, the district judge discussed the waiver with Rivers who said he had gone over it with his attorney and specifically acknowledged the waivers as an integral part of his plea agreement. The judge approved the agreement and accepted the plea. In March 2009, Rivers's motion to suppress was dismissed as moot, and in June 2009, he was sentenced to 120 months' imprisonment, as agreed. He did not appeal.

One year later, Rivers filed this § 2255 motion, claiming defense counsel was ineffective because (1) she told him that if the disparity between powder-cocaine and crack-cocaine sentences were eliminated, he would be entitled to relief; (2) she failed to inform him that his guilty plea waived his right to continue his challenge to the magistrate's recommendation with respect to his suppression motion; (3) she presented an unpersuasive re-enactment of the traffic stop during the suppression hearing; and (4) she did not appeal from the denial of

---

[2] Under § 3582(c)(2), the court may modify a term of imprisonment already imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

the suppression motion despite being asked to do so after the sentence was imposed. The district court denied claims one and two on the merits. It decided claim three was waived by the plea agreement and "[i]n any event" lacked merit. R., Vol. 1 at 113 n.9. It also considered claim four to have been waived, but granted a COA as to it "because of some uncertainty as to the effect of a waiver of collateral challenges on an ineffective assistance claim based on counsel's failure to file an appeal despite his instructions to do so." *Id.* at 116.

## DISCUSSION

When the district court denies a § 2255 motion without an evidentiary hearing, our review is de novo. *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011). We take a solicitous view of Rivers's § 2255 motion and application for a COA because he is proceeding pro se. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, we do not act as his advocate, supply arguments or scour the record for error. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Like an appeal waiver, a collateral-attack waiver is enforceable if (1) the challenge falls within the scope of the waiver provisions; (2) the waiver was knowing and voluntary; and (3) enforcement does not result in a fundamental miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325–27 (10th Cir. 2004) (en banc) (per curiam); *see also United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[T]he constraints which apply to a waiver of the

-4-

right to direct appeal also apply to a waiver of collateral attack rights."). "[S]ubject to [these conditions], it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver." *Cockerham*, 237 F.3d at 1187.

Rivers's first claim—his guilty plea came as a result of counsel's deficient advice regarding possible changes to the cocaine sentencing laws—is not covered by the collateral-attack waiver because it claims ineffective assistance in negotiating the agreement and resulting plea. But Rivers has not demonstrated entitlement to a COA on this claim.

We will issue a COA only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that reasonable jurists could debate whether the district court should have resolved his petition differently or that his issues deserve further treatment. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To succeed on an ineffective-assistance-of-counsel claim in this context, the defendant must show (1) defense counsel performed deficiently; and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007). Rivers claims "counsel told [him] that if the [cocaine-sentencing] law[s] changed, his sentence would be

decreased by 50% or more" under 18 U.S.C. § 3582(c)(2). Aplt. Br. at 9-10. He states that if properly counseled, he "would have insisted on proceeding to trial to preserve his right to file a § 3582(c)(2) motion." *Id.* at 9.

The district court concluded otherwise, holding: 1) the claim is factually improbable, given the plea agreement's specific waiver of § 3582(c)(2) rights, and Rivers's assurances at the change of plea hearing that he had gone over the waiver with counsel; and 2) even if Rivers had not pled guilty he would not have been eligible for a § 3582(c)(2) reduction because he was facing a mandatory minimum sentence imposed by statute. *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) (observing guideline amendments do not override statutory mandatory minimum sentences). Accordingly, the court rejected the ineffective assistance of counsel arguments.

It also rejected Rivers's ancillary claim as to never having been informed his sentence would be 120 months whether he went to trial or entered into a plea agreement. It found Rivers's view of the law to be incorrect. Indeed, although he faced a minimum 120-month sentence in any event, the maximum possible sentence without a Rule 11(c)(1)(C) binding plea agreement could have been much higher. For instance, if he had been convicted after a trial, he faced a guideline sentencing range of 121 to 150 months.

Rivers contends the district court's rulings are debatable because in an affidavit trial counsel admitted to having discussed the sentencing disparities

between crack and powder cocaine with him. That is not how the affidavit reads. Counsel's affidavit says the conversation occurred around the time of Rivers's sentencing—several months after he pled guilty. Consequently, her advice could not have had any effect on his decision to plead guilty. Further, she appears to have discussed the elimination of sentencing disparities as benefitting only "non-mandatory minimum sentences." R., Vol. 1 at 88. As for Rivers's sentence in particular, she told him to "stay attuned to any changes to the law . . . which may have an effect on his sentence." *Id.* That statement conveys no inaccurate advice, as there would have to be a change in the law in order for Rivers's mandatory minimum sentence to be affected by the elimination of sentencing disparities between powder and crack cocaine.[3]

A COA is not warranted as to Rivers's first claim. To the extent he seeks a COA with respect to the district court's denial of his claim without an evidentiary

---

[3] In a "Request for Leave to Supplement and Notice of Supplement Authority," Rivers appears to argue that his prior drug conviction could not be considered for a mandatory minimum sentence because he received only a twelve-month sentence. He is, again, mistaken. The state sentence imposed does not determine whether there has been a prior felony drug offense for purposes of a mandatory minimum sentence. The relevant inquiry is whether the state drug offense was "*punishable* by imprisonment for more than one year." 21 U.S.C. § 802(44) (emphasis added); *cf. Burgess v. United States*, 553 U.S. 124, 127 ("A state drug offense punishable by more than one year[ ] qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor."). Rivers's prior conviction appears to carry a maximum potential sentence exceeding one year. *See* 1996 K.S.A. § 21-4705. He has not shown otherwise. Thus, his "Request" is denied to the extent he advances a supplemental argument, but granted to the extent he cites supplemental case law.

-7-

hearing, reasonable jurists could not debate the propriety of the ruling. *See United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (observing an evidentiary hearing on a § 2255 petition is unnecessary if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief" (quotation omitted)).

Rivers devotes no argument to the district court's denial of his second claim, regarding counsel's advice about the effect of a guilty plea on his suppression motion. He is not entitled to a COA on that claim. *See United States v. Fishman*, 645 F.3d 1175, 1194 (10th Cir. 2011) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." (quotation omitted)).

Rivers's third and fourth claims—counsel performed deficiently at the suppression hearing and failed to appeal after sentencing—do not concern the validity of the plea or the waiver. Thus, they are potentially barred by his waiver. He attempts to avoid the bar only as to claim four, by suggesting an evidentiary hearing is necessary because a collateral-attack waiver does not apply when counsel failed to appeal despite being asked to do so. The district court upheld the waiver and dismissed, however it issued a COA on claim four.

In *United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007), and *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005), we decided

evidentiary hearings were necessary to determine whether counsel in fact ignored the defendants' requests to appeal, despite the presence of collateral-attack waivers. In doing so, we cited the Supreme Court's admonition "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

But *Guerrero* and *Garrett* are unique § 2255 cases. Specifically, in *Guerrero*, the government conceded the defendant's waiver did not apply, 488 F.3d at 1315, and in *Garrett*, the waiver neither covered the defendant's claim nor was it asserted by the government, 402 F.3d at 1266 n.5. In other cases, we have noted the limitations of *Guerrero* and *Garrett*, and have rejected the proposition that a defendant can invalidate a collateral-attack waiver simply by alleging counsel ignored a request to appeal. *See United States v. Viera*, 674 F.3d 1214, 1218-19 (10th Cir. 2012); *United States v. Falcon-Sanchez*, 416 F. App'x 728, 730-31 (10th Cir. 2011) (unpublished); *United States v. Macias*, 229 F. App'x 683, 687 (10th Cir. 2007) (unpublished); *United States v. Davis*, 218 F. App'x 782, 784 (10th Cir. 2007) (unpublished).[4]

The Third Circuit similarly "consider[s] the validity of the collateral waiver as a threshold issue" when facing a § 2255 argument that counsel failed to appeal.

---

[4]     Unpublished decisions are not binding precedent; they are only cited here for their persuasive value. *See* 10th Cir. R. 32.1(A).

*United States v. Mabry*, 536 F.3d 231, 242 (3d Cir. 2008). The *Mabry* court

criticized the process employed by many courts of "skipp[ing] immediately to the

merits of the [failure-to-appeal] argument raised in the § 2255 motion," rather

than "evaluat[ing] the validity of the habeas waiver." *Id.* at 240. We agree with

*Mabry*; such a process is an "over-expansion" of the appeal rights discussed in

*Flores-Ortega*—a non-waiver case. *Id.*

But we take issue with *Mabry's* assertion that *Garrett* is evidence of our

having adopted that short-circuited process. As noted above, the waiver in

*Garrett* did not cover the defendant's claim and was not asserted by the

government. Consequently, the waiver's validity was not at issue.[5] In contrast

here, the government asserted the waiver in the district court, and the waiver's

broad language covers Rivers's claim.

Thus, Rivers's waiver is effective, provided it was entered knowingly and

voluntarily, and does not result in a fundamental miscarriage of justice, matters he

does not address. His waiver is effective and bars claim four. *See United States

v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011) (determining appeal waiver was

applicable where defendant failed to argue "that he did not knowingly and

---

[5]     Likewise, the validity of the collateral-attack waiver was not at issue in
*United States v. Golden*, 255 F. App'x 319 (10th Cir. 2007) (unpublished), a case
relied on by Rivers. Although in *Golden* we remanded for an evidentiary hearing
to determine whether counsel failed to follow the defendant's request for an
appeal, we noted "[t]he [g]overnment did not . . . oppose § 2255 relief on the
basis of the plea agreement's waiver." *Id.* at 321 n.1.

voluntarily agree to the waiver, nor that enforcement of the waiver . . . would constitute a miscarriage of justice"). In any event the district court did not abuse its discretion in refusing an evidentiary hearing because claim four lacks merit. *See Lopez*, 100 F.3d at 119.

### CONCLUSION

Rivers is not entitled to a COA on claims one, two, and three. His motion to expand the grant of COA to include them is DENIED. This matter is DISMISSED as to those claims. The district court's order granting the government's motion to enforce the appeal waiver as to claim four is AFFIRMED. The government's separate motion to enforce the plea waiver is denied as moot.

Entered for the Court


Terrence L. O'Brien
Circuit Judge