**UNITED STATES COURT OF APPEALS**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

ELENA LECHUGA,

       Defendant - Appellant.

No. 13-6011
(D.C. Nos. 5:10-CR-00281-F-1 and
5:12-CV-00759-F)
(D. W.D. Okla.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Elena Lechuga, proceeding pro se[1] and in forma pauperis, wants to appeal from

the denial of her 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. The

district judge also denied her request for a certificate of appealability (COA), prompting

her to reapply in this Court. Essentially her COA request proposes a right, post

sentencing, to change her mind about the appeal and post-conviction waiver contained in

her plea agreement. Absent an unenforceable plea agreement there is no such right.

Because the putative issue is not even debatable, she has not "made a substantial showing

---

[1] We liberally construe Lechuga's pro se filings. See *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), and we deny the request for a COA.

Lechuga pled guilty under a plea agreement to three counts of using a communication facility (telephone) to facilitate the acquisition and distribution of methamphetamine in violation of 21 U.S.C. § 843(b). The advisory guideline range is 168 to 210 months imprisonment. The total statutory maximum for all three counts, however, is 144 months incarceration, to which she was sentenced. No direct appeal was taken.

Despite a plea agreement containing a waiver of her right to appeal or collaterally attack her conviction and sentence (except for a sentence exceeding the advisory sentencing guideline range, which is not the case here), Lechuga filed a § 2255 motion. Her motion raises several grounds but we are concerned only with those she seeks to pursue on appeal. Of those, only two deserve discussion; whether: (1) counsel was ineffective for failing to file a direct appeal after being directed to do so, and (2) the government breached the plea agreement by failing to file a motion for downward departure under USSG §5K1.1.[2] The first issue is more accurately stated as whether a

---

[2] Lechuga also claims she did not understand the plea agreement; as evidence, she points to her request to appeal despite the waiver. Her somewhat perfunctory argument fails in light of the district judge's detailed findings to the contrary. She further argues the government breached the plea agreement by meeting with her outside counsel's presence. But the plea agreement expressly permits such meetings absent counsel's written request to be present. She points to nothing in the record disclosing counsel's request to be present, written or otherwise.

(continued. . .)

valid waiver of appeal and post-conviction rights is enforceable in spite of a post hoc instruction to counsel to file an appeal.

The district judge concluded the waiver was enforceable and precluded her ineffective assistance of counsel claim. While the claim concerning the government's breach of the plea agreement survived the waiver, *see United States v. Trujillo*, 537 F.3d 1195, 1200 (10th Cir. 2008), the judge concluded there was no breach.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of the claims. *Miller-El*, 537 U.S. at 338.

A defendant receives ineffective assistance of counsel if her attorney disregards a specific instruction to take an appeal from a conviction or sentence. *See Rodriquez v.*

_____

Finally, she suggests the government breached an oral promise to release her in exchange for her cooperation. Because the argument is conclusory, we decline to address it further. *See, e.g., Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (perfunctory arguments failing to frame and develop an issue are insufficient to invoke appellate review).

*United States*, 395 U.S. 327, 328 (1969); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Under such circumstances a defendant is entitled to a belated appeal without showing the appeal would have merit.  *Rodriguez*, 395 U.S. at 329-30; *Peguero v. United States*, 526 U.S. 23, 28 (1999); *United States v. Snitz*, 342 F.3d 1154, 1155, 1159 (10th Cir. 2003).  But, unlike this one, none of these cases involved a waiver of the right to collaterally attack the judgment or sentence.  The waiver changes the analysis.  The only issue here is whether her collateral attack waiver (which the government properly raised) is enforceable under *Hahn*.[3]  *See United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012).

The judge found the collateral attack waiver enforceable—(1) the § 2255 motion fell within the scope of the waiver which expressly waived the right to collaterally attack the conviction or sentence;[4] (2) both the plea agreement and the change of plea colloquy established the knowing and voluntary nature of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315,

---

[3]  There are some exceptions.  Ineffective assistance of counsel claims based on the validity of a plea or waiver and claims the government breached the plea agreement are not subject to waiver.  *See Trujillo*, 537 F.3d at 1200 (government breach); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (ineffective assistance of counsel claims based on validity of plea or waiver).

[4]  The judge did not address whether the specific claim—ineffective assistance of counsel based on the failure to file a requested appeal—was within the waiver's scope.  While a collateral attack waiver "does not waive the right to bring  . . . ineffective assistance of counsel claims challenging the validity of the plea or the waiver," "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."  *See Cockerham*, *supra* n.4.  The ineffective assistance claim in this case does not relate to the validity of the plea or waiver and therefore is within the waiver's scope.  *Viera*, 674 F.3d at 1218.

- 4 -

1325 (10th Cir. 2004) (en banc) (setting forth the factors to consider in determining whether plea agreement waiver is enforceable).  We see no reason to quarrel with the judge's detailed analysis of the issue.  The waiver controls and precludes the ineffective assistance of counsel claim.[5]  *See Viera*, 674 F.3d at 1218.

Finally, like the district judge, we see no merit to Lechuga's claim the government breached the plea agreement by not filing a motion for downward departure under USSG §5K1.1 based on her substantial assistance.  The plea agreement left the decision whether to file a §5K1.1 motion to the sole discretion of the government.   Its decision is not reviewable unless the refusal to file the motion was based on an unconstitutional motive (such as the defendant's race or religion) or was not rationally related to any legitimate governmental end.  *See Wade v. United States,* 504 U.S. 181, 186-87 (1992); *United States v. Berger*, 251 F.3d 894, 907-08, 911 (10th Cir. 2001).  Lechuga baldly asserts the government's refusal to file a §5K1.1 motion was motivated by her race and immigration status, but the sentencing transcript shows the government determined her cooperation was "too little too late."  (Supp. R. Vol. 2 at 32.)  Indeed, she did not begin to cooperate until after all but one of her co-defendants had pled guilty and a jury had been picked for

---

[5] In her request for a COA, Lechuga relies on *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005).  But, as we explained in *Viera*, *Garrett* is inapposite because the government never sought to enforce the waiver contained in the plea agreement.  *Viera*, 674 F.3d at 1218; *see also United States v. Calderon*, 428 F.3d 928, 930-31 (10th Cir. 2005) (the government can waive its right to enforce a plea agreement waiver by failing to invoke it).  The same is true with respect to *United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007).

her trial. The government's explanation is not only neutral as to race and immigration status, it is entirely rational.

Because no jurist of reason could reasonably debate the correctness of the district court's decision, we **DENY** a COA and **DISMISS** this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge