FILED
United States Court of Appeals
Tenth Circuit

July 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT F. ROBERTS,

Defendant - Appellant.

No. 12-3096
(D.C. No. 6:11-CV-01300-MLB)
D. Kansas

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY IN PART AND GRANTING A CERTIFICATE OF APPEALABILITY IN PART**

---

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

Petitioner, Robert F. Roberts, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the motion to vacate, set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255 motion unless he first obtains a COA). In 2009, Roberts was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The judgment of conviction was affirmed by this court on March 29, 2011. *United States v. Roberts*, 417 F. App'x 812 (10th Cir. 2011). Roberts filed the instant § 2255 motion on September 30, 2011, raising four claims of ineffective assistance of trial counsel. The district court denied relief on all four claims.

Roberts cannot appeal the denial of his motion until he first obtains a COA from this court.[1]  *See* 28 U.S.C. § 2253(c)(1)(B).  To be entitled to a COA, Roberts must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Roberts has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Roberts need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.* (quotations omitted).  In his COA application and appellate brief, Roberts challenges the district court's disposition of his four claims and also argues the court abused its discretion by refusing to permit him to amend his § 2255 motion.

The first two claims addressed by the district court relate to Roberts's allegations his trial counsel failed to investigate whether he was legally permitted to carry a firearm in Kansas despite a 1999 Kansas felony conviction.  *See* 18

---

[1]Roberts's request to proceed *in forma pauperis* on appeal is **granted**.

U.S.C. § 921(a)(20) (providing a prior conviction does not trigger the federal prohibition on possession of a firearm if the defendant "has had [his] civil rights restored."); *see also See United States v. Baker*, 508 F.3d 1321, 1328 (10th Cir. 2007) (looking to the "whole of state law" to determine whether a defendant's firearms privileges are restricted (quotation omitted)). It is clear these two claims were properly dismissed by the district court. In 1999, Roberts was convicted of robbery, possession of cocaine with intent to sell, and criminal possession of a firearm. He was sentenced to forty-four months' incarceration. His probation was revoked in 2000 and he was paroled in 2006. His sentence expired on June 26, 2008. The instant felon-in-possession offense occurred on April 6, 2008. Kansas criminalizes the possession of a firearm "by a person who, within the preceding ten years . . . has been released from imprisonment for" specifically enumerated felonies, including robbery. Kan. Stat. Ann. § 21-4204(a)(4) (2007).[2] Because Roberts has wholly failed to show that his right to possess a firearm was restored under Kansas law, he cannot show he was prejudiced by his attorney's performance. *See Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one"). Although Roberts repeatedly argues it was the Government's

_____

[2]After Roberts committed the offense of conviction, the Kansas legislature moved the relevant statute from Kan. Stat. Ann. § 21-4204(a)(4) to Kan. Stat. Ann. 21-6304(a)(3)(A).

burden to prove the elements of the offense at trial, we note it is now Roberts's burden to prove his counsel was constitutionally ineffective. He cannot meet that burden with his unsupported and conclusory assertions.

Roberts has also failed to meet his burden of showing his counsel was ineffective for failing to object or move for a mistrial when the trial court denied the jury's request for a read-back of testimony. He has again failed to show any prejudice flowing from counsel's allegedly deficient performance. Finally, Roberts argues his counsel failed to properly familiarize himself with a photograph before inviting testimony about it. This court has already concluded the admission of the photograph was not error. *Roberts*, 417 F. App'x at 821-22. Further, counsel relied on the photograph to support the position Roberts did not possess a gun the night of his arrest. *Id*. at 822 (quoting from counsel's closing argument). Not only were counsel's actions objectively reasonable, Roberts has failed to show the jury's verdict would be different if the photograph had not been admitted. *See United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) ("In order to obtain habeas relief for ineffective assistance of counsel, a petition must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." (quotation omitted)).

We next address Roberts's assertion the district court abused its discretion by refusing to permit him to supplement or amend his § 2255 motion. After filing his initial § 2255 motion, Roberts sought to add several additional claims: four

claims alleging his appellate counsel was ineffective for failing to develop record support for the four arguments raised in his original § 2255 motion; a claim his appellate counsel was ineffective for failing to object to the district court's suggestion that counsel for the government meet with his appellate and trial counsel before the evidentiary hearing on his motion for a new trial to discuss trial counsel's prior representation; claims that trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history score; claims that trial and appellate counsel were ineffective for failing to challenge the jury selection process; a claim alleging trial counsel was ineffective for advising him to stipulate to a prior state firearm crime that he asserts was not a felony and a related claim that appellate counsel was ineffective for failing to raise the issue on direct appeal; and claims that trial and appellate counsel were ineffective for failing to challenge the indictment as defective because it did not set out the predicate prior felony supporting the federal felon-in-possession charge.[3]

"Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course prior to response by the opposing party." *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). The district court refused to permit Roberts to amend his § 2255 motion because the proposed amendments were not signed under penalty of perjury and because he sought to raise new

---

[3]Roberts failed to specifically set out these additional claims in his application for COA, thus hindering this court's review.

-5-

claims. *See id*. at 1315. This court, however, has previously held that a district court must give a § 2255 movant the opportunity to amend his motion to conform to procedural requirements even if he seeks to add a new claim. *See id*. at 1316-17 & 1317 n.3 (holding a § 2255 movant seeking to add a timely claim should be given "an opportunity to conform his motion to . . . procedural requirements" because "of the strenuous requirements for filing a second or successive § 2255 motion"). We conclude, therefore, the district court abused its discretion by refusing to permit Roberts to amend his § 2255 motion.

As to Roberts's claims that trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history score, this court has reviewed the record, including the Presentence Investigation Report ("PSR"), and concludes Roberts is entitled to a COA because he has made a substantial showing of a denial of a constitutional right.[4] The PSR assessed nine criminal history points against Roberts; three of which were for the sentence he received in Case No. 99CR3189 which he does not challenge. Three additional points were assessed for the sentence he received in Case No. 99CR1926. This sentence

---

[4]"To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." *United States v. Lopez*, 100 F.3d 113, 117-18 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)). Under the prejudice prong of the *Strickland* test, "a defendant must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694).

relates to a 1999 aggravated escape conviction. According to the PSR, this escape offense occurred while Roberts was "held in lawful custody on an adjudication as a juvenile offender for an act which would be a felony if committed by an adult, to-wit: 96JV[]." According to Roberts, the sentence for this escape conviction should not be counted separately from the sentence imposed in Case No. 99CR1925 because the two offenses were not separated by an intervening arrest and the sentences in 99CR1925 and 99CR1926 were imposed on the same day. *See* USSG § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)."). Thus, he argues, his total criminal history points are six, not nine, reducing his Criminal History Category from IV to III and decreasing his advisory guidelines range to 41-51 months. We conclude that although Roberts has not demonstrate this appeal will succeed, he has proved "something more than the absence of frivolity or the existence of mere good faith," *Miller-El,* 537 U.S. at 338 (quotations omitted), and thus has met his burden of demonstrating "that reasonable jurists could debate whether" this issue should proceed further. *Id*. at 336 (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether

he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

We further conclude, however, that Roberts is not entitled to a COA on the remaining claims he sought to add to his § 2255 motion because he has not made "a substantial showing of the denial of a constitutional right" with respect to these claims. 28 U.S.C. § 2253(c)(2). As to the four claims of ineffective assistance of appellate counsel that relate to the four claims raised in the original § 2255 motion, we have already concluded herein that the four claims of ineffective assistance of trial counsel are meritless.[5] Roberts has also failed to identify any privileged information disclosed by his appellate counsel during the pre-hearing meeting and thus cannot show how the meeting resulted in a violation of his constitutional rights. Roberts cannot prevail on his jury-selection claim unless he demonstrates, *inter alia*, that the alleged underrepresentation of African Americans in the jury pool "is due to systematic exclusion of the group in the jury-selection process." *Trice v. Ward*, 196 F.3d 1151, 1164 (10th Cir. 1999) (quotation omitted). Because he has presented no evidence to support his conclusory accusations, he is not entitled to a COA on this claim.

---

[5]Additionally, in his application for COA and appellate brief, Roberts has wholly failed to identify the information appellate counsel allegedly failed to garner and how that information would entitle him to relief on his claims that trial counsel was ineffective.

Roberts next asserts counsel was ineffective for advising him to stipulate to a prior state firearm crime which he argues was not a felony and thus could not support the federal felon-in-possession charge. Even assuming the state firearm crime is not a felony, Roberts has been convicted of multiple felonies, any one of which could have supported the federal firearm charge. Thus, he has not shown entitlement to a COA on this claim. He is not entitled to a COA on his challenge to the indictment because he stipulated to the prior felony conviction and the record contains uncontroverted evidence that trial counsel reasonably advised Roberts to stipulate to this element so the jury would not learn about the prior convictions.

Having undertaken a review of Roberts's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Roberts is not entitled to a COA on any claim except the one relating to the district court's refusal to permit him to amend his § 2255 motion to add claims his trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history. The district court's resolution of the remaining claims on which Roberts seeks a COA is not reasonably subject to debate and the other issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, with the exception of the claims on which COA has been granted, this court **denies** Roberts's request for a COA.

-9-

With respect to the issues on which we grant COA, Appellee is directed to file an appellate brief within thirty days of the date of this order. The brief should address the issues on which COA has been granted, and any other issues Appellee deems appropriate. Specifically, the brief should address whether the matter should be remanded to the district court to permit Roberts to amend his § 2255 to add the claims on which COA has been granted and, if so, whether the district court can resolve the claims without an evidentiary hearing. Roberts may file a reply brief within fourteen days of service of Appellee's brief if he so desires. Roberts's reply brief may only address the claims upon which COA has been granted. All briefs shall be filed and served in compliance with Federal Rules of Appellate Procedure. Requests for extension of these time limits will be viewed with disfavor.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge