**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT F. ROBERTS,

Defendant - Appellant.

No. 12-3096
(D.C. Nos. 6:11-CV-01300-MLB and
6-08-CR-10188-MLB-1)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On July 20, 2012, this court granted Appellant Roberts a certificate of

appealability permitting him to appeal the district court's refusal to allow him to

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

amend his §2255 motion to add claims his trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history. *United States v. Roberts*, No. 12-3096, 2012 WL 2951540, at *2-3 (10th Cir. July 20, 2012). Relying on information in the Presentence Investigation Report ("PSR"), Roberts asserted he was sentenced on the same day for two offenses that were not separated by an intervening arrest and, thus, the sentences should not have been counted separately for purposes of assessing criminal history points. *See* USSG § 4A1.2(a)(2). Appellee filed a responsive brief on September 11, 2012, and Roberts filed his reply on September 26, 2012.

The parties have attached to their respective briefs various documentation from the United States Probation and Pretrial Services Office, the Kansas Bureau of Investigation, the Wichita Police Department, and the Sedgwick County District Court, all relating to Roberts's convictions in Case Nos. 99CR1925 and 99CR1926. From these documents, it appears that on May 11, 1999, Roberts was detained by Wichita Police after he robbed an individual. The criminal complaint relating to this robbery was filed in Juvenile Court on May 18, 1999. The matter was later referred for adult prosecution and assigned Case No. 99CR1925. It also appears that on May 12, 1999, Roberts escaped while being held in lawful custody. This escape was charged by an Information dated July 22, 1999, and assigned Case No. 99CR1926.

Appellee asserts the May 12th escape occurred while Roberts was being held in lawful custody for the robbery charged in Case No. 99CR1925 and, thus, his criminal history was properly calculated because he committed the second offense (i.e., the escape) after being arrested for the first offense (i.e., the robbery). *See* USSG § 4A1.2(a)(2). The documentation submitted by the parties does not conclusively show this to be true. The escape occurred one day after the robbery but one week before the criminal complaint charging the robbery was filed. According to Roberts, he was in custody at the time of the escape because he had been arrested on May 11, 1999, not for the robbery, but for an outstanding bench warrant relating to a 1996 theft offense. This assertion appears to be borne out by the Information filed in Case No. 99CR1926 which indicates Roberts escaped while being held in lawful custody for a theft crime charged in Case No. 96JV1236, not while he was being held for the robbery charged in Case No. 99CR1925.

It is unclear from the record whether Roberts was arrested for the offense charged in Case No. 99CR1925 prior to committing the offense charged in Case No. 99CR1926. If Roberts is correct that the sentences he received in those two cases should not be counted separately, his criminal history points are six and his advisory guidelines range is 41-51 months, not 51-61 months. Thus, he has raised a facially plausible claim of ineffective assistance of counsel based on his assertion counsel failed to challenge the improper calculation of his criminal

-3-

history.  Because this claim of ineffective assistance of counsel has not yet been addressed by the district court, that court is in the best position to make the necessary factual findings.  Accordingly, we **reverse** the district court's denial of habeas relief solely on the issue of whether Roberts should be permitted to amend his § 2255 motion to raise claims his trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history and **remand** this matter to the district court with instruction to permit Roberts to amend his § 2255 motion to add such claims.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge